O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL-LEE ZUVICH, MATTHEW DOWD, VIKKI HILL; KENNETH SIMPSON; STACY YOUNG,<br><br>      Plaintiffs,<br><br>  v.<br><br>CITY OF LOS ANGELES,<br><br>      Defendant. | Case No. CV 11-06832 DDP (AJWx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>[Docket No. 71] |

Presently before the court is Defendant City of Los Angeles' Motion for Summary Judgment, or in the Alternative for Summary Adjudication of Claims as to All Plaintiffs ("Motion"). Having reviewed the parties' moving papers and heard oral argument, the court grants the Motion and adopts the following Order.

**I.   BACKGROUND**

Over the years, Defendant City of Los Angeles ("City") has adopted and amended a number of versions of Los Angeles Municipal Code ("LAMC") § 42.15, in order to regulate vending on the Venice Beach Boardwalk. This court and the Ninth Circuit have addressed the constitutionality of LAMC § 42.15 in a number of cases, most

recently in <u>Hunt v. City of Los Angeles</u>, 601 F. Supp. 2d 1158 (C.D. Cal. 2009), <u>aff'd in part, remanded in part</u> 638 F.3d 703 (9th Cir. 2011), and in <u>Dowd v. City of Los Angeles</u>, No. CV 09-06731 (C.D. Cal. Oct. 21, 2010) (order granting in part preliminary injunction) ("<u>Dowd</u> Order").

The City adopted the version of LAMC § 42.15 at issue here in April 2008 ("2008 Ordinance"). As this court has previously explained:

> The latest version of the ordinance divides much of the available space in the heart of the Boardwalk into individual spaces designated as P-Zone spaces and I-Zone spaces. <u>Id.</u> § 42.15(2). In the P-Zone spaces, "persons can perform, engage in traditional expressive speech, and petitioning activities, and vend the following expressive items: newspapers, leaflets, pamphlets, bumper stickers, patches, buttons, or books created by the vendor or recordings of the vendor's own performances . . . ." <u>Id.</u> § 42.15(2)(a). In the I-Zone spaces, "persons may engage in activities permissible in the P-Zone, and also engage in vending of expressive items created by the vendor, or the vending of expressive items that are inextricably intertwined with the vendor's message . . . ." <u>Id.</u> § 42.15(2)(b).
>
> With certain limited exceptions, anyone wishing to use a P-Zone or I-Zone space during Peak Season must apply for an annual permit and enter into a lottery system by which spaces are assigned each day. Program Rules at pp. 2-3. The person to whom the space is assigned has priority to use the space. But, after 12:00 p.m., anyone (with or without a permit) may use any unoccupied space, so long as she engages only in activities approved for the P-Zones and relinquishes the space to the permit-holder if she returns.
>
> Outside of the P and I-Zones, anyone may engage in any activity permitted in the P-Zones and vend expressive items "inextricably intertwined with the vendor's message," so long as she does not "set up a display table, easel, stand, equipment, or other furniture, use a pushcart or other vehicle . . . ." <u>Id.</u> § 42.15(D)(1)(a). On the West side of the Boardwalk, outside of the P and I-Zones, anyone can engage in any permitted P-Zone activity as long as it is "not vending and does not substantially impede or obstruct pedestrian or vehicular traffic, subject to reasonable size and height restrictions on any table, easel, or other furniture . . . ." <u>Id.</u> § 42.15(D)(1)(b).

2

> The ordinance and Program Rules also include noise regulations. LAMC § 42.15(F)(1) provides that noise levels must not exceed seventy-five decibels when measured at a distance of twenty-five feet away or ninety-six decibels when measured from one foot away between nine o'clock in the morning and sunset. Furthermore, LAMC § 42.15(F)(4) bans the use of amplified sound anywhere on the Boardwalk except in specially designated P-Zone spaces between 17th Avenue and Horizon Avenue and between Breeze Avenue and Park Avenue. The Program Rules clarify that amplified sound "is permitted only in the designated spaces in the P-Zones in the locations specified in Section 42.15 between 9:00 a.m. and sunset, and is prohibited after sunset and before 9:00 a.m." Program Rules at p. 4.

Dowd Order at 4-6.

The City argues that it had various compelling reasons for these regulations, but suspended the 2008 Ordinance after this court issued its preliminary injunction in October 2010. The City then repealed and replaced the Ordinance in December 2011.

Plaintiffs filed this action against the City on August 19, 2011, claiming that the 2008 Ordinance violates the First, Fifth, and Fourteenth Amendments of the U.S. Constitution. Plaintiffs challenge the Ordinance "on both facial and as-applied grounds," alleging that it is "impermissibly vague," an "impermissible prior restraint on protected expression in a public forum," and "not a reasonable time, place and manner regulation[]." (Compl. ¶¶ 4-5.) Plaintiffs further allege that they engaged in expressive and vending activities on the Boardwalk while the 2008 Ordinance was in effect, and were cited for violating various provisions of the Ordinance or otherwise harmed by its restrictions.

The City filed this Motion for Summary Judgment on April 12, 2012, arguing - among other things - that: 1) Plaintiffs' facial challenges are barred by the statute of limitations; and 2)

Plaintiffs have not asserted any valid as-applied claims as to the 2008 Ordinance.

**II.  DISCUSSION**

In light of controlling Ninth Circuit precedent, this court agrees that the City is entitled to summary judgment on both Plaintiffs' facial and as-applied claims.

**A.  Facial Claims**

As the City explains, Plaintiffs' facial challenges to the 2008 Ordinance are barred by the two-year statute of limitations for § 1983 claims in California. "An ordinance may be facially unconstitutional in one of two ways: either it is unconstitutional in every conceivable application, or it seeks to prohibit such a broad range of protected conduct that it is unconstitutionally overbroad." Foti v. City of Menlo Park, 146 F.3d 629, 635 (9th Cir. 1998) (internal quotation marks and alterations omitted). In either case, the argument is that the ordinance is unconstitutional on its face - i.e. as it is written - regardless of how it is applied in any particular instance. Accordingly, "[a] successful challenge to the facial constitutionality of a law invalidates the law itself." Id.

"It is well-established that claims brought under § 1983 borrow the forum state's statute of limitations for personal injury claims, and in California, that limitations period is two years." Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd., 509 F.3d 1020, 1026 (9th Cir. 2007) (citation omitted). The Ninth Circuit has held that this "limitations period applies to all § 1983 claims, regardless of the civil right asserted." Id. at 1027. As the Circuit further explained: "Given the general rule that the

statute of limitations begins to run when a potential plaintiff knows or has reason to know of the asserted injury, it stands to reason that any facial injury to any right should be apparent upon passage and enactment of a statute." Id. (internal quotation marks omitted).

Here, the City adopted the challenged version of the Ordinance in April 2008, and Plaintiffs do not dispute that they each "knew of the 2008 Boardwalk Ordinance when it was adopted." (Pls.' Statement of Genuine Disputes of Material Fact in Opp'n to Mot. ¶ 3.) Accordingly, under existing Ninth Circuit precedent, the court finds that the statute of limitations for Plaintiffs' facial challenges to the Ordinance started to run when the City adopted the Ordinance in April 2008. Because Plaintiffs did not file this action until August 2011 - more than three years after the City adopted the Ordinance - and have alleged no basis for tolling the two-year statute of limitations, their facial challenges are time-barred.

**B.   As-Applied Claims**

The City argues that Plaintiffs have no valid as-applied claims because the challenged aspects of the Ordinance were not enforced against Plaintiffs in a discriminatory manner. The court agrees. As the Ninth Circuit has explained in some detail, also in the First Amendment context:

> An as-applied challenge contends that a law is unconstitutional as applied to a litigant's particular speech activity, even though the law may be capable of valid application to others. [Plaintiff] purports to raise an as-applied challenge to [the ordinance], but [Plaintiff] misunderstands the nature of such challenges. As-applied challenges are not based solely on the application of an allegedly unconstitutional law to a particular litigant. Rather, they separately argue that discriminatory

5

>enforcement of a speech restriction amounts to viewpoint discrimination in violation of the First Amendment. It is for this reason that a successful as-applied challenge does not render the law itself invalid but only the particular application of the law. An as-applied challenge goes to the nature of the application rather than the nature of the law itself.

Desert Outdoor Adver., Inc. v. City of Oakland, 506 F.3d 798, 805 (9th Cir. 2007) (alterations, citations, and internal quotation marks omitted).

Here, Plaintiffs' only evidence as to relevant aspects of the Ordinance implicate the constitutionality of non-discretionary provisions on their face.[1] For instance, one of the Plaintiffs appears to have been cited for occupying a P-Zone space before noon, in clear violation of the Ordinance. Likewise, another Plaintiff claims that he was cited for playing amplified music in the I-Zone and for vending photographs in the P-Zone - again, conduct clearly proscribed by the Ordinance. In other words, Plaintiffs contend that these non-discretionary provisions of the Ordinance were applied to them exactly as written, in the same manner that they were applied to everyone else on the Boardwalk. Plaintiffs argue that this enforcement violated their constitutional rights only because the relevant provisions are unconstitutional on their face, not because of their particular application to Plaintiffs. Such claims therefore constitute facial challenges, not valid as-applied claims, as to the 2008 Ordinance.

///
///
///

---

[1] Plaintiffs do not claim that the City ever enforced the allegedly vague "inextricably intertwined" standard against them.

**CONCLUSION**

For all of these reasons, the court hereby GRANTS the City's Motion for Summary Judgment as to all of Plaintiffs' claims.

IT IS SO ORDERED.

Dated: September 14, 2012

DEAN D. PREGERSON
United States District Judge

7